IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IZELL RIVERS,
  #120896
    Plaintiff,

vs.              Case No.: 3:12cv480/LAC/EMT

WARDEN PIPPEN, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's amended civil rights complaint (doc. 6). Leave to proceed in forma pauperis was granted, (doc. 7). Upon review of Plaintiff's complaint, the court concludes that this case should be dismissed because Plaintiff has not stated and cannot state a plausible § 1983 claim against Defendants.

BACKGROUND

Plaintiff, an inmate in the Florida Department of Corrections ("DOC") who is currently incarcerated at Walton Correctional Institution ("WCI"), brings this action against DOC Secretary Kenneth Tucker, WCI Warden Allen Pippen, Sgt. Michael Woods and C.O. Michael Danley, alleging violations of his civil rights (doc. 6). Specifically, Plaintiff alleges that Defendants Woods and Danley have violated his rights by using profane racial language against him and threatening him with bodily harm, which actions are also in violation of DOC Rules and Regulations regarding respectful treatment of inmates (*id.* at 7–8). Warden Pippen is faulted for not having disciplined the two men

(*id.* at 6–7), and Secretary Tucker is not mentioned in the body of the complaint. As redress, Plaintiff seeks relief from the verbal and emotional abuse and transfer to a different institution.

DISCUSSION

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has

not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

Harassment or verbal abuse does not rise to the level of a constitutional violation. As the Fifth Circuit has stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations . . . . Were a prisoner . . . entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits . . . .

McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted). The same rationale has been followed by myriad other courts. *See, e.g.,* Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that verbal taunts, alone, are insufficient to state a constitutional violation); Hernandez v. Florida Dep't of Corrections, 281 F. App'x 862, 866 (11th Cir. 2008) (holding that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats, and "verbal abuse alone is insufficient to state a constitutional claim"); *see also* Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that dismissal of Eighth Amendment claim was proper where inmate alleged only that the "disrespectful and assaultive comments" denied him "peace of mind"); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (holding that prisoner's allegations that prison staff harassed him generally did not state a constitutional violation); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable § 1983 claim); Swoboda v. Dubach 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable

under § 1983); <u>Ivey v. Williams</u>, 832 F.2d 950, 955 (6th Cir. 1987) (holding that verbal abuse does not violate the Eighth Amendment); <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution); <u>Crenshaw v. City of Defuniak Springs</u>, 891 F. Supp. 1548, 1555 (N.D. Fla. 1995) (holding that "verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983"); <u>Munera v. Metro West Detention Ctr.</u>, 351 F. Supp. 2d 1353, 1362 (S.D. Fla. 2004) ("Verbal abuse and threats alone are not actionable as a matter of law."). Thus, Plaintiff's claims against Defendants Woods and Danley are due to be dismissed.[1]

With respect to Plaintiff's claims against Warden Pippin, respondeat superior, without more, does not provide a basis for recovery under section 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1331 (11th Cir. 2007); <u>Cottone v. Jenne</u>, 326 F.3d 1352 (11th Cir. 2003). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." <u>Cottone</u>, 326 F.3d at 1360; *see also* <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1035 (11th Cir. 2001). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights. <u>Marsh</u>, *supra*; <u>Harris v. Ostrout</u>, 65 F.3d 912, 917 (11th Cir. 1995). The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." <u>Cottone</u>, 326 F.3d at 1360 (quoting <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003) (quoting <u>Braddy v. Fla. Dept. of Labor & and Employment Sec.</u>, 133 F.3d 797, 802 (11th Cir. 1998))); <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990); <u>Ancata v. Prison Health Services, Inc.</u>, 769 F.2d 700 (11th Cir. 1985). A supervisor ordinarily cannot be held liable under a respondeat superior theory for the acts and omissions of individuals acting in

---

[1] To the extent Plaintiff's claim is predicated upon Defendants' violation of DOC regulations regarding inmate treatment he has not stated a claim, as failure to follow regulations in and of itself does not necessarily amount to a constitutional violation. *See* <u>Hernandez v. Estelle</u>, 788 F.2d 1154, 1158 (5th Cir. 1986); <u>Vodicka v. Phelps</u>, 624 F.2d 569, 575 (5th Cir.1980); <u>Doby v. Berry</u>, No. 3:04-cv-1044-J-32MMH, 2006 WL 3518611 (M.D. Fla., Dec. 6, 2006).

contravention to policy. Tittle v. Jefferson County Commission, 10 F.3d 1535, 1540 (11th Cir. 1994). However, the causal connection may be established when a supervisor's "custom or policy . . . result[s] in deliberate indifference to constitutional rights" or when facts support an inference that the supervisor "directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Goebert, 510 F.3d at 1331 (citation omitted); Cottone, 326 F.3d at 1360. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, *supra* (quoting Gonzalez, 325 F.3d at 1234). In this instance, although Plaintiff's allegations suggest underlying unprofessional conduct, there is no constitutional violation and hence no basis for finding a constitutional violation.

Because there are no allegations in the complaint against Secretary Tucker, Plaintiff has failed to state a claim against this Defendant as well (to the extent Tucker is named as a Defendant due only to the supervisory nature of his position, as previously explained, he may not be held liable).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile here; therefore, the Court may dismiss this case without providing opportunity for amendment.

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That all pending motions be **DENIED**.

At Pensacola, Florida, this 12th day of December 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**